■ In the Matter of AMERICAN BROADCASTING COMPANIES, INC., Respondent, v. TIME, INCORPORATED, Appellant.— Order entered March 16, 1966 granting the application of the American Broadcasting Companies, Inc., for an order to take the deposition of Time Incorporated by three named officers in order to prepare a complaint, unanimously reversed on the law, and the application denied, with $30 costs and disbursements to the appellant. Special Term granted this application upon the ground "that the petitioner requires the examination for the purpose of determining against whom a cause of action lies as well as for framing a complaint". It would be proper to do so provided — as indicated by Special Term — "it appears prima facie from the affidavits * * * that the applicant has been wronged and has a cause of action". It does not appear from the affidavits that the petitioner does have a cause of action. The most that can be gathered is that the applicant is fearful lest there will be some wrong done to it in the future. Consequently, the request to examine the aforementioned parties should not have been granted. Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.

■ RAYCO BRONX, INC., et al., Respondents, v. RAYCO MFG. Co. et al., Appellants.— Order entered March 1, 1966, unanimously modified to the extent of directing that the complaint be made more definite and certain and as so modified is affirmed, without costs and without disbursements. While it may well be that the defendant can answer the complaint, a better pleading consisting of a plain and concise statement would be in the best interest of the parties to clearly present the issues at a trial. (Foley v. D'Agostino, 21 A D 2d 60, 64; CPLR 3014, 3024; 3 Weinstein-Korn-Miller, par. 3024.05, pp. 30–401, 30–402.) Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.